NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REGINA C. SHAW,

Plaintiff-Appellant,

v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

Defendant-Appellee.

No.    18-35274

D.C. No. 6:16-cv-01976-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted January 31, 2022**

Before:  D. NELSON, BERZON, and CHRISTEN, Circuit Judges.

Regina C. Shaw appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and disabled widow's benefits under Title II of the Social

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of social security benefits, "and will disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.'" *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citation omitted). We will not reverse an ALJ's decision for harmless error, which exists "when it is clear from the record that the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation and internal quotation marks omitted).

1.     At step two of the five-step evaluation to determine disability, the ALJ erred in failing to include Dercum's disease among Shaw's severe impairments. Substantial evidence does not support the ALJ's rejection of Dr. Homertgen's diagnosis of Dercum's disease. The visit summary provided by Dr. Purnell's office identifies Dercum's disease as Shaw's primary visit diagnosis. And, contrary to the ALJ's determination, the record overwhelmingly documents Shaw's associated symptoms throughout the relevant period. The ALJ's error is not harmless, as it resulted in a failure to account for the severity and limitations of Dercum's disease and its associated symptoms in the residual functional capacity determination. *See id.* Furthermore, the ALJ's erroneous rejection of Shaw's diagnosis informed his adverse credibility finding, his rejection of Dr.

Homertgen's medical opinion, and Thompson's lay witness statements.

**2.** The ALJ did not err in failing to account for mental limitations in the residual functional capacity finding and the hypothetical question to the vocational expert. The ALJ properly interpreted Dr. Scott's report as not establishing that Shaw had "specific limitations attributable to her mental condition." *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (the court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record").

**3.** The ALJ's decision to discount Shaw's subjective symptom testimony is not supported by substantial evidence and resulted in harmful error. The record documents the diagnoses of Dercum's disease and fibromyalgia and amply demonstrates that Shaw reported persistent symptoms associated with those impairments. Shaw's activities of supervising her "self-sufficient" grandchildren, crocheting up to two hours per day, updating Facebook pages and websites on a personal schedule that accommodates her symptoms, and vending home-made crafts made in small batches once per week are not inconsistent with her allegations of disabling symptoms and limitations. The ALJ has thus failed to provide convincing reasons for discounting Shaw's symptom testimony.

**4.** The ALJ erred in discounting the opinion of Dr. Homertgen, a treating physician. First, although the ALJ expressed concerns that Shaw did not report her activity level to Dr. Homertgen, the ALJ did not identify any of Shaw's past

activities that conflict with those she reported to Dr. Homertgen, or that contradicted Dr. Homertgen's medical opinion. Second, Dr. Homertgen's opinion was consistent with the overall medical record, which documented a progression of Shaw's symptoms and corroborated Shaw's manifestations and diagnosis of Dercum's disease. This failure resulted in harmful error.

5.      The ALJ did not give "germane" reasons to discount the testimony of lay witness Cheryl Ann Thompson. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ appears to have discounted Thompson's testimony for the same reasons that he discounted Shaw's testimony, which are not supported by substantial evidence. The ALJ's discounting of Thompson's testimony resulted in harmful error because he failed to account for it in the residual functional capacity determination.

We reverse and remand to the district court with instructions to remand to the agency for further proceedings. On remand, the ALJ must find that Shaw's Dercum's disease qualifies as a medically determinable impairment and must re-evaluate Shaw's subjective symptom testimony, Dr. Homertgen's opinion, and Thompson's lay witness testimony in accordance with this disposition.

**REVERSED AND REMANDED**.